**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SHEILA KAY HINES,
aka SHEILA KAY HINES-CROOK,

    Plaintiff,

vs.                                                                                                No. CIV 08-0762 MCA/DJS

DANIELS FAMILY FUNERAL SERVICES,
aka DANIELS FAMILY FUNERAL SERVICES, LLC;
KEVIN R. DANIELS; KIRK T. ANDERSON;
ALAN K. BIRCHFIELD,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on: the Defendants' *Partial Motion to Dismiss*, filed September 8, 2008 (Doc. 11), and on the pro se[1] *Plaintiff's Motion to [sic] for Leave to Amend her Complaint*, filed September 26, 2009 (Doc. 13), which she inappropriately combined with her response to the Defendants' motion to dismiss, and which she incorrectly titled as a "*Motion to Deny Defendants' Partial Motion to Dismiss*" instead of as a "response." *See* D.N.M. Administrative Order No. 92-88 (requiring the parties to "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought," but allowing for the filing of a matter in the alternative).

The Defendants' partial motion to dismiss is based in part on the fact that, at the time she filed her federal complaint, Plaintiff Sheila Kay Hines had not exhausted her administrative

---

[1] Although she appears pro se, Hines is a licensed attorney, so the Court does not extend the policy of liberally construing a complaint or other filed documents to her. *See Comm'n. on the Conduct of Attorneys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007); *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007); *O'Connor v. St. John's College*, No. 07-2225, 290 Fed. Appx. 137, *140, 2008 WL 3825922, **2 (10th Cir. Aug. 18, 2008).

remedies by receiving a right-to-sue letter from the EEOC. Hines has since filed proof of the receipt of that letter, which was issued on March 26, 2009. *See* Doc. 19, Ex. A. Hines' motion to amend her complaint states that she intends to dismiss certain claims against certain Defendants, and her subsequent filings have noted that she has needed time to refamiliarize herself with federal law and procedure before filing an amended complaint. *See* Doc. 22 at 2.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Allowing Hines to reconsider the claims she brought in her original Complaint, especially in light of the Defendants' citation to legal authority regarding her retaliation and fraud claims, and to voluntarily dismiss claims that she readily admits are not supported under the facts of her case will serve the purpose of judicial economy and will narrow the issues before the Court. Hines has now had plenty of time to research the law, and the Court will allow her to file an amended complaint within twenty days of the filing of this Order. If Hines does not dismiss claims that were the subject of the Defendants' partial motion to dismiss, the Defendants may renew their motion to partially dismiss and the Court will quickly address such a motion.

**NOW, THEREFORE, IT IS ORDERED** that Hines' Motion to Amend (Doc. 13) is GRANTED and she may file an amended complaint within twenty days of the filing of this Order; and the Defendants' Partial Motion to Dismiss (Doc. 11) is DENIED as moot, without prejudice to the Defendants renewing that motion if necessary after receipt of the Amended Complaint.

**SO ORDERED** this 27th day of July, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge